UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEITH VIDETTO, | No. 2:08-cv-01324-MCE-DAD |
|     Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| KELLOGG USA, | |
|     Defendant. | |

Plaintiff initiated this putative class action on June 9, 2008, and, on October 6, 2008, filed the operative First Amended Complaint ("FAC"), alleging causes of action arising under California Business & Professions Code §§ 17200, et seq., and 17500, et seq., for Intentional Misrepresentation, Breach of Implied Warranty, and violation of the Consumer Legal Remedies Act, California Civil Code § 1770. Presently before the Court is Defendant's Motion to Dismiss the FAC. For the following reasons, Defendant's Motion is granted.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND[2]

Plaintiff is an individual consumer and resident of California. Defendant manufactures, markets, and promotes Froot Loops cereal ("the Product").

In addition to the use of the word "Froot" in the Product name, pictures of brightly colored cereal made to resemble fruit, as well as pictures of actual fruit, are depicted on the principal display panel ("PDP") of the Product. In truth, however, the product contains no actual fruit of any kind. The fruit-like flavor derives from "natural flavors," which provide no nutritional value.

If the consumer takes the box from the shelf and examines the fine print of the ingredient list, he will discover that the only fruit content is a small amount of "natural orange, lemon, cherry, raspberry, blueberry, lime, and other natural flavors," that appear tenth in order on the ingredient list, just after "reduced iron" and just before "red #40."

Accordingly, Plaintiff contends, *inter alia*, that Defendant's marketing of the Product is deceptive and likely to mislead and deceive a reasonable consumer. Additionally, Plaintiff claims that, during the past four years, he purchased the Product in large part because he had been exposed to the advertising and representations of Defendant.

///
///

---

[2] The following facts are derived, primarily verbatim, from Plaintiff's FAC.

Plaintiff was allegedly misled by the packaging and marketing, which he argues convey the message that the Product contains real, nutritious fruit. He contends that he trusted Defendant's label because the company has a long history of producing wholesome breakfast cereals.

Since Plaintiff began purchasing the Product, the Strategic Alliance for Healthy Food and Activity Environments published the results of a study examining the ingredients of widely advertised foods that reference fruit on the packaging. The study concluded, among other things, that despite advertising and packaging that suggests the presence of fruit, more than half of the food products studied, including the Product at issue here, contain no fruit at all. According to Plaintiff, had he known that the Product contained no fruit, he would not have purchased it.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 1964-65 (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

    A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///
///
///

4

**ANALYSIS**

### 1. Plaintiff's Unfair Competition, False Advertising, and Consumer Legal Remedies Act Causes of Action

Plaintiff's First, Second, and Fifth Causes of Action fail as a matter of law. First, "California's Unfair Competition Law ('UCL') prohibits any 'unlawful, unfair or fraudulent business act or practice.'" Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008), quoting Cal. Bus. and Prof. Code § 17200. Additionally, "[t]he false advertising law prohibits any 'unfair, deceptive, untrue, or misleading advertising.'" Id., quoting Cal. Bus. and Prof. Code § 17500. Finally, "California's Consumer Legal Remedies Act ('CLRA') prohibits 'unfair methods of competition and unfair or deceptive acts or practices.'" Id., quoting Cal. Civ. Code § 1770.

Plaintiff's "claims under these California statutes are governed by the 'reasonable consumer' test." Id., citing Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995), Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 506-07 (1st Dist. 2003). "Under the reasonable consumer standard, [Plaintiff] must show that members of the public are likely to be deceived. The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Id. (internal citations and quotations omitted).

///
///

"[P]rimary evidence in a false advertising case is the advertising itself." Id., quoting Brockey v. Moore, 107 Cal. App. 4th 86, 100 (3d Dist. 2003). Thus, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Id. However, "[d]ecisions granting motions to dismiss claims under the Unfair Competition Law have occasionally been upheld." Id. This Court believes that the instant case falls into that "rare" category of cases in which dismissal is appropriate. See Id. at 939.

The leading Ninth Circuit case in this area, and the case on which Plaintiff primarily relies, is Williams, 552 F.3d 934. Nevertheless, that case is factually distinguishable from the instant action.

In Williams, the Ninth Circuit determined that the district court had improperly granted a motion to dismiss because, in that case, the "packaging Gerber used for its Fruit Juice Snacks product...could likely deceive a reasonable consumer. The product [was] called 'fruit juice snacks' and the packaging picture[d] a number of different fruits, potentially suggesting (falsely) that those fruits or their juices [were] contained in the product. Further, the statement that Fruit Juice Snacks [were] made with 'fruit juice and other all natural ingredients' could easily [have been] interpreted by consumers as a claim that all the ingredients in the product were natural, which appear[ed] to be false. And finally, the claim that Snacks [was] 'just one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers group up strong and healthy' add[ed] to the potential deception." Id. at 939.

In this case, to the contrary, the challenged packaging contains the name "Froot Loops," a picture of Toucan Sam, a picture of a bowl of multi-colored ring-shaped cereal, a small banner stating "natural fruit flavors" that includes small vignettes of fruit next to it, and the phrase "sweetened multi-grain cereal." The packaging makes clear that the Product is a "multi-grain" cereal, and truthfully depicts that cereal in the shape of multi-colored rings, rings that do not resemble any known fruit. Moreover, Defendant uses the word "Froot" as part of its trademarked name, and the fanciful use of a nonsensical word cannot reasonably be interpreted to imply that the Product contains or is made from actual fruit. Finally, contrary to the packaging in Williams, the instant packaging makes no claim that the Product is particularly nutritious or designed specifically to meet the nutritional needs of toddlers or children. Accordingly, it is entirely unlikely that members of the public would be deceived in the manner described by Plaintiff.

Moreover, another California district court has previously rejected materially identical claims, brought by these same Plaintiff attorneys. See McKinnis v. Kellogg USA, 2007 WL 4766060 (C.D. Cal. 2007) (rejecting each argument pursued here). Thus, because the instant facts are distinguishable from those in Williams, and are, to the contrary, more on par with those alleged in McKinnis, this Court now holds that Plaintiff has failed to state UCS, FAL, or CLRA claims as a matter of law. Defendant's Motion to Dismiss Plaintiff's First, Second, and Fifth Causes of Action is granted with leave to amend.
///

### 2. Plaintiff's Intentional Misrepresentation Cause of Action

Plaintiff's Intentional Misrepresentation claim fares no better. Under California Law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (1st Dist. 1997). Plaintiff lodged only the most cursory opposition to Defendant's Motion to Dismiss the instant claim, and for good reason, namely that the above discussion supports granting Defendant's Motion here as well.

First, Plaintiff has made no allegations indicating that the challenged packaging is false or contains false statements. Moreover, he has wholly failed to show that reliance on the package to reach the conclusion that the Product contains actual fruit is justifiable. To the contrary, as discussed above, the packaging is not misleading and is entirely unlikely to deceive. Accordingly, Plaintiff has failed to state a claim, and Defendant's Motion to Dismiss Plaintiff's Third Cause of Action is also granted with leave to amend.

### 3. Plaintiff's Breach of Implied Warranties Cause of Action

Finally, Plaintiff's Fourth Cause of Action is rejected as well. Plaintiff made no arguments in opposition to Defendant's Motion to Dismiss his Breach of Implied Warranties claim.

Through that cause of action, Plaintiff alleges, *inter alia*, that "Kellogg breached the warranties implied in the contract for sale of the Product as it does not have the characteristics, qualities, and uses represented by Defendant and sought by Plaintiff and Class members." FAC, ¶ 63.

Under California law, goods are merchantable if they: "(a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2). The implied warranty "does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." American Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291, 1296 (2d Dist. 1995) (internal citations and quotations omitted). Thus, as per the above discussion, because the Product packaging was not misleading or deceptive, Plaintiff received exactly what was described on the box. Accordingly, Plaintiff has failed to state a claim for Breach of Implied Warranties, and Defendant's Motion to Dismiss is granted with leave to amend.

///

///

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Dismiss (Docket No. 31) is GRANTED without leave to amend.

Under normal circumstances, when this Court grants a Motion to Dismiss, the Plaintiff is given a reasonable period of time, usually twenty (20) days, in which to file an amended complaint. In this case, however, it is simply impossible for Plaintiff to file an amended complaint stating a claim based upon these facts. The survival of the instant claim would require this Court to ignore all concepts of personal responsibility and common sense. The Court has no intention of allowing that to happen.

IT IS SO ORDERED.

Dated: May 20, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE